[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10866
Non-Argument Calendar
_____

D.C. Docket No. 5:93-cr-00050-CAR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LEE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 31, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jerry Brown appeals the district court's denial of his motion to reduce his

sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the

Sentencing Guidelines.  On appeal, Brown argues that he is eligible for a sentence

reduction under Amendment 782 because, had Amendment 782 been in effect at the time he was sentenced, his base offense level would have decreased from 26 to 24. After careful review, we affirm.[1]

We review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2). United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013). We review the district court's decision of whether to grant a sentence reduction under § 3582(c)(2) for abuse of discretion. United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. Id. When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers the guideline range that was calculated by the sentencing court. U.S.S.G. § 1B1.10, comment. (n.1(A)). The district court is to determine the amended guideline range that would have been applicable if the amendment had been in

---

[1]    In addition, Brown's motion to supplement the argument and record is DENIED.

effect at the time of sentencing. Id. § 1B1.10(b)(1). When recalculating the guidelines range, the court can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing. Bravo, 203 F.3d at 780. We've said that § 3582(c)(2) allows the defendant to "receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012), abrogated on other grounds by Amendment 780. The defendant is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of sentencing, but rather is to be treated the same as those sentenced after the amendment. Id.

After it determines that the defendant is eligible for a sentence reduction, the district court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence. Bravo, 203 F.3d at 781. The court must consider the § 3553(a) factors and the nature and severity of danger to any person posed by a sentence reduction, and it may consider the defendant's post-sentencing conduct. Smith, 568 F.3d at 927.

We've held that a defendant was not eligible for a sentence reduction where his base offense level under the current Guidelines was higher than at the time of his sentencing due to an intervening change in the Guidelines. United States v.

3

James, 548 F.3d 983, 986 (11th Cir. 2008).   In a later case, we explained that, in evaluating whether a guideline amendment reduced a defendant's base offense level, we look not to the base offense level at the time of sentencing, but rather to the base offense level for the same amount of drugs at the time of the § 3582(c)(2) motion.  United States v. Phillips, 597 F.3d 1190, 1193 & n.6 (11th Cir. 2010).

Amendment 782 set new base offense levels, at two levels lower, for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, amend. 782.  When Brown filed his § 3582(c)(2) motion in October 2014 and the district court denied the motion in February 2016, an offense involving between 200 and 350 grams of methamphetamine carried a base offense level of 26.   U.S.S.G. § 2D1.1(c)(7) (2013); U.S.S.G. § 2D1.1(c)(7) (2015).   Brown concedes that the base offense level for his amount of drugs was increased to 28 in between when he was originally sentenced and when Amendment 782 was passed. He claims, however, that a general, two-level reduction is now warranted under Amendment 782.

Here, the district court correctly concluded that Brown was ineligible for a sentence reduction under Amendment 782.   Based on the district court's determination at his original sentencing, Brown was accountable for 280 grams of methamphetamine, and received a base offense level of 26.  Under our precedent, the relevant base offense level for purposes of this appeal is the level for the same

4

amount of drugs at the time of the § 3582(c)(2) motion, see Phillips, 597 F.3d at 1193 & n.6 -- so, whatever happened in the interim time between the original sentence and the § 3582 motion is irrelevant.  At the time of Brown's § 3582(c)(2) motion, an offense involving 280 grams of methamphetamine carried a base offense level of 26.  U.S.S.G. § 2D1.1(c)(7) (2013); U.S.S.G. § 2D1.1(c)(7) (2015).  All other guidelines decisions made during the original sentencing stay intact, so Brown was still subject to the four-level role enhancement and the nine-level upward departure, resulting in a total offense level of 39.  Bravo, 203 F.3d at 780.  His new total offense level of 39 and criminal history category of IV result in a guideline range of 360 months' to life imprisonment -- the same as was calculated by the district court at his original sentencing.

Accordingly, the district court correctly concluded that Amendment 782 did not affect Brown's guideline range and that he was ineligible for a sentence reduction.  Because the district court correctly concluded that Brown was not eligible for a sentence reduction under Amendment 782, we need not address Brown's claim that the district court abused its discretion by denying his motion on the merits and not considering the § 3553(a) factors.

**AFFIRMED**.